IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff,** v. LUIS ANTONIO DE OLMO-VÁZQUEZ (3), **Defendant.** | **Criminal No.** 23-175 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, Senior District Judge.

Before the Court is the United States' motion requesting permission to introduce evidence under Federal Rule of Evidence 404(b) ("Rule 404(b)"). (Docket No. 379.) For the reasons set forth above, the United States' motion is **GRANTED.**

On August 7, 2025, the United States filed a motion seeking to admit testimony from co-defendant Armando Reyes-Acosta ("Reyes") about defendant Luis Antonio De Olmo-Vázquez ("De Olmo")'s prior drug importations into the United States. Co-defendant Reyes will testify "that on April 23-24, 2023, during and after the instant drug smuggling, [De Olmo,] told Reyes-Acosta that he had participated in two successful cocaine smuggling ventures via yola several months before the incident in which two Dominican nationals were shot at sea." (Docket No. 379 at p. 2.) The United States argues that the testimony goes to "De Olmo's

Criminal No. 23-175 (FAB)                                             2

motive, opportunity and intent to engage in drug trafficking ventures, intent to import drugs to Puerto Rico and knowledge of a specific route and entry point." (Docket No. 379 at p. 4.) furthermore, the government states the testimony contradicts any argument of mistake or accident by De Olmo. Id.

De Olmo argues the testimony is inflammatory and irrelevant but does not address whether the evidence complies with Rule 404(b). (Docket no. 391.) His arguments are based on Federal Rule of Evidence 801(d)(2)(E)[1], which discusses the admissibility of a co-conspirator's statement. De Olmo argues the testimony entails hearsay and does not fall into the Rule 801(d)(2) hearsay exception. As such, he argues, the Court should determine the testimony's admissibility before it is presented to the jury. The Court previously ruled in its Opinion and Order on August 6, 2025 that the statements were provisionally admitted but would defer ruling until the end of trial. See Docket No. 376. And its position has not changed. De Olmo can renew his objection at trial.

The Court thus turns to determine whether the evidence is admissible under Rule 404(b). Pursuant to Rule 404(b), "evidence

---

[1] "A statement that meets the following conditions is not hearsay: (2) The statement is offered against an opposing party and . . . (E) was made by the party's coconspirator during and in furtherance of the conspiracy."

Criminal No. 23-175 (FAB)                                                3

of any other crime . . . is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). Rule 404(b), however, is not exclusionary and allows for evidence of a previous bad act to be admitted in order to prove something other than character such as "intent, preparation, plan, [or] knowledge." FED. R. EVID. 404(b)(2); United States v. Escobar-de Jesús, 187 F.3d 148, 169 (1st Cir. 1999).

Requests by the government to introduce evidence of a defendant's prior bad acts are subject to a two-part test. United States v. Henry, 848 F.3d 1, 8 (1st Cir. 2017) (citing United States v. Hicks, 575 F.3d 130, 142 (1st Cir. 2009)). "First, a court must ask whether the proffered evidence has a 'special' relevance, *i.e.*, a non-propensity relevance." Id. If prior bad acts evidence falls within the carveout contemplated by Rule 404(b)(2), the Court then must consider whether the evidence should nevertheless be excluded pursuant to Federal Rule of Evidence 403 ("Rule 403"), which provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403; Henry, 848 F.3d at 8.

Here, the proffered testimony is arguably relevant to De Olmo's knowledge of the routes and participation in a drug

smuggling operation. See United States v. García-Sierra, 994 F.3d 17, 30-31 (1st Cir. 2021). Additionally, the First Circuit Court of Appeals has "repeatedly held that, in a conspiracy case, 'evidence of other bad acts ... can be admitted to explain the background, formation, and development of the illegal relationship, and, more specifically, to help the jury understand the basis for the co-conspirators' relationship of mutual trust.'" United States v. Green, 698 F.3d 48, 55 (1st Cir. 2012)(citing United States v. Escobar-de Jesus, 187 F.3d 148, 169 (1st Cir.1999)); see also United States v. Balthazard, 360 F.3d 309, 317-18 (1st Cir.2004) (finding evidence of a drug transaction admissible where the government failed to prove that the transaction occurred during the time frame of the conspiracy, because it was evidence of the "background, formation, and development of the illegal relationship" (citation and internal quotation marks omitted)).  De Olmo has not articulated a reason why the rule should not apply to Reyes's testimony.

"[E]ven when initially consistent with Rule 404(b), prior bad act[s] evidence may become troublesome if the evidence itself is unfairly prejudicial or if it is admitted in excess or misused by the government over the course of the trial." United States v. Centeno-González, 989 F.3d 36, 51 (1st Cir. 2021) (affirming district court decision to admit evidence of prior arrest involving

concealed arms because lack of mistake and knowledge were directly at issue). "Restrained use of prior bad act evidence[, however,] is consistent with [First Circuit] case law, especially when coupled with [a] court's limiting instruction." Id. at 52 (finding district court made it clear to the jury that "[e]ven if you find that the Defendant may have committed similar acts in the past, this is not to be considered as evidence of character to support an inference that the Defendant committed the acts charged in this case"); see United States v. Altvater, 954 F.3d 45, 55 (1st Cir. 2020) (holding "we have a long-standing presumption that jurors follow instructions" and prejudice resulting from admission of testimony related to prior bad acts may be ameliorated by proper jury instructions (internal quotation marks and citation omitted)).

The proffered testimony will discuss De Olmo's two prior successful smuggling operations and his knowledge of the route taken during those trips, which is alleged to be the same as the one in this case. The testimony, however, also refers to an incident in which two Dominican nationals were shot at sea.[2] The testimony as to another venture in which two individuals were shot

---

[2] The United States explains the incident pertains to conduct that was subject to another criminal case before this Court, Criminal Case No. 23-034. De Olmo is not a named co-defendant in that case.

is not straightforwardly connected to De Olmo, and could lead to a "mini trial" to establish De Olmo's connection to that venture. See García-Sierra, 994 F.3d at 33.  The Court is concerned about litigating matters of another case.  Therefore, the United States' motion to include Rule 404(b) evidence is **GRANTED**.  When presenting this evidence, however, the United States is limited to stating that there were two prior successful ventures and will allow testimony as to the route used.  The United States will not make any reference to the incident where two individuals were shot.

Finally, De Olmo takes issue with the United States' request to admit his own statement about paying $2,000 to travel to Puerto Rico and that he only saw the bales once he got on the boat but thought they contained food.  (Docket No. 391 at p. 4.)  He argues that these statements are inadmissible and that "it should be barred from being used . . . because it addressed the sacred premise about the silence of the accused."  (Docket No. 391 at p. 4.)  The Court previously determined that a party's own out of court statement is admissible and not hearsay.  See Docket No. 376 at p. 8.  It seems that De Olmo now may be arguing that the statements were made in violation of his Fifth Amendment right not to self-incriminate.  He does not develop whether the statements were coerced, whether the statements were made in violation of his Miranda rights.  "[I]ssues adverted to in a perfunctory manner,

Criminal No. 23-175 (FAB)                                                          7

unaccompanied by some effort at developed argumentation, are deemed waived." <u>United States v. Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990).  As such, this argument is waived.

**I. Conclusion**

For the reasons set forth above, the United States' motion requesting permission to include evidence under Federal Rule of Evidence 404(b) is **GRANTED**.  (Docket No. 379.)

Trial is set to commence on **August 11, 2025 at 9:00 a.m.** before the undersigned in Courtroom 4 of the Old San Juan Courthouse.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 11, 2025.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE